IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHEN KALB #2124, JEFF LIU #2106,<br><br>      Defendants.<br>_____ | No. C 08-3430 MMC<br><br>**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE** |

On July 16, 2008, plaintiff, a California pretrial detainee incarcerated at the San Mateo County Jail in Redwood City, California, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that on April 7, 2008, he was arrested in East Palo Alto on charges of attempted murder and that on June 24, 2008, the charges were dropped and plaintiff was released, but that on June 25, 2008, he was rearrested and the charges were refiled. Plaintiff claims he has been falsely arrested and imprisoned; he seeks monetary damages.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

1  granted or seek monetary relief from a defendant who is immune from such relief.  See id.
2  § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4      Plaintiff seeks damages for false arrest and imprisonment; such claims, if proven,
5  would require a finding that plaintiff was arrested without probable cause, in violation of the
6  Fourth Amendment.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th
7  Cir.1998).  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme
8  Court held that in order to state a claim for damages for an allegedly unconstitutional
9  conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness
10 would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C.
11 § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  See
12 id. at 486-87.  A claim for damages bearing such relationship to a conviction or sentence that
13 has not been so invalidated is not cognizable under § 1983.  Id. at 487.  Although a plaintiff's
14 damages claims will not be barred under Heck if the plaintiff has not yet been convicted, see
15 Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (holding Heck does not encompass principle
16 that "an action which would impugn *an anticipated future conviction* cannot be brought until
17 that conviction occurs and is set aside"), the claims should not go forward if such plaintiff's
18 criminal proceedings are still pending, see id.  Rather, "it is within the power of the district
19 court, and in accord with common practice, to stay the civil action until the criminal case or
20 the likelihood of a criminal case is ended."  See id.

21     Here, plaintiff seeks damages for false arrest and imprisonment in violation of the
22 Fourth Amendment.  Because he has not yet been convicted, however, the Court will stay
23 further proceedings in this matter until plaintiff's criminal proceedings have concluded.

24     Accordingly, for the foregoing reasons, the above-titled action is hereby STAYED.  If
25 plaintiff is convicted and intends to proceed with his claims, he shall file, within **thirty (30)**
26 days of the date the criminal proceedings against him have concluded, a motion asking the

2

Court to lift the stay.[1]

The Clerk is hereby directed to ADMINISTRATIVELY CLOSE the case.

IT IS SO ORDERED.

DATED: July 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] If the stay is lifted and the Court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See Wallace, 127 S. Ct. at 1098.