IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>STEPHEN KALB #2124, JEFF LIU #2106,<br><br>  Defendants.<br>_____ | No. C 08-3430 MMC<br><br>**ORDER DENYING REQUEST TO REOPEN ACTION; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT** |

On July 16, 2008, plaintiff, a California pretrial detainee then incarcerated at the San Mateo County Jail in Redwood City, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged in his complaint that on April 7, 2008, he was arrested in East Palo Alto on charges of attempted murder, that on June 24, 2008, the charges were dropped and plaintiff was released, and that on June 25, 2008, he was rearrested and the charges were refiled. Plaintiff claimed he had been falsely arrested and imprisoned; he sought monetary damages.

Upon conducting an initial review of the complaint, the Court ruled as follows:

> Plaintiff seeks damages for false arrest and imprisonment; such claims, if proven, would require a finding that plaintiff was arrested without probable cause, in violation of the Fourth Amendment. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir.1998). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness

> would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages bearing such relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Although a plaintiff's damages claims will not be barred under Heck if the plaintiff has not yet been convicted, see Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) (holding Heck does not encompass principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside"), the claims should not go forward if such plaintiff's criminal proceedings are still pending, see id. Rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id.
>
> Here, plaintiff seeks damages for false arrest and imprisonment in violation of the Fourth Amendment. Because he has not yet been convicted, however, the Court will stay further proceedings in this matter until plaintiff's criminal proceedings have concluded.

(Docket No. 4 at 2:4-23.)

By that same order, the Court stayed the action, and directed plaintiff as follows: "If plaintiff is convicted and intends to proceed with his claims, he shall file, within **thirty (30)** days of the date the criminal proceedings against him have concluded, a motion asking the Court to lift the stay." (Id. at 2:24-3:1.) Additionally, the Court informed plaintiff: "If the stay is lifted and the Court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See Wallace, 127 S. Ct. at 1098." (Id. at 2 n.1.)

Now pending before the Court is plaintiff's request to reopen the instant action because plaintiff has been released from custody. Plaintiff, however, does not state whether the criminal proceedings against him have concluded and/or whether he has been convicted. Without such information, the Court is unable to assess whether the stay should be lifted and the instant action allowed to proceed.

Accordingly, plaintiff's request to reopen the instant action is hereby DENIED. Within **thirty (30)** days of the date this order is filed, plaintiff shall file an amended complaint, using the Court's form complaint, that cures the deficiencies noted above. A copy

of the form complaint along with instructions for completing it are provided herewith.  The amended complaint must include the caption and civil case number used in this order, No. C 08-3430 MMC (PR), and must include the words AMENDED COMPLAINT on the first page.

**The amended complaint supersedes the initial complaint and may not incorporate any part of it by reference.  Plaintiff must include in the amended complaint all the claims he wishes to present, and any attachments he wishes the Court to consider.**

Plaintiff's failure to timely comply with this order will result in the dismissal of the instant action without prejudice.

IT IS SO ORDERED.

DATED: October 19, 2010

_____
MAXINE M. CHESNEY
United States District Judge