United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. JOHNSON, | No. C 08-3430 MMC |
| Plaintiff, | **ORDER REOPENING ACTION; DIRECTING CLERK TO FILE AMENDED COMPLAINT AND ISSUE SUMMONS; DIRECTING UNITED STATES MARSHAL TO SERVE DEFENDANTS; SCHEDULING CASE MANAGEMENT CONFERENCE** |
| v. | |
| STEPHEN KALB #2124, JEFF LIU #2106, | |
| Defendants. | |

On July 16, 2008, plaintiff, a California pretrial detainee then incarcerated at the San Mateo County Jail in Redwood City, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged in his complaint that on April 7, 2008, he was arrested in East Palo Alto on charges of attempted murder, that on June 24, 2008, the charges were dropped and plaintiff was released, and that on June 25, 2008, he was rearrested and the charges were refiled. Plaintiff claimed he had been falsely arrested and imprisoned in violation of the Fourth Amendment; he sought monetary damages.

Upon conducting an initial review of the complaint, the Court determined that because plaintiff's § 1983 action would impugn an anticipated future conviction, the instant action would be stayed until the criminal case or the likelihood of a criminal case no longer existed. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). Recently, plaintiff filed a request to reopen the instant action because he has been released from custody. As plaintiff

did not state in his request whether the criminal proceedings against him had concluded and/or whether he had been convicted, the Court denied plaintiff's request and directed him to file an amended complaint providing such information.

Plaintiff has responded to the Court's order by submitting an amended complaint in which he states that the attempted murder charges were dropped, that he was charged with petty theft, and that he was released from custody on December 6, 2008. He seeks monetary damages for the alleged violation of his constitutional rights by East Palo Alto Police Officers Stephen Kalb and Jeff Liu, whom he claims arrested and imprisoned him without sufficient cause. The Court finds plaintiff's allegations, when liberally construed, state cognizable claims for relief. See Lee v. City of Los Angeles, 250 F.3d 668, 684-85 (9th Cir. 2001) (holding false arrest and false imprisonment claims cognizable under § 1983).

Plaintiff states in his amended complaint that he is impoverished and unable to pay the filing fee in the instant matter. The Court previously granted plaintiff leave to proceed in forma pauperis herein; consequently, no filing fee is required.

Lastly, plaintiff asks the Court to appoint counsel to represent him in the instant action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk is hereby directed to REOPEN the instant action and FILE the amended complaint received on November 9, 2010.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter and all attachments thereto (Docket No. 8), and a copy of this order upon the following defendants at the East Palo Alto Police Department: Stephen Kalb, Badge No. 2124, and Jeff Liu, Badge No. 2106.

The Clerk shall also mail a copy of this order to plaintiff, and a courtesy copy of the amended complaint and this order to the East Palo Alto City Attorney's Office.

3. A Case Management Conference is HEREBY SET for February 25, 2011, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than February 18, 2010.

IT IS SO ORDERED.

DATED: November 22, 2010

MAXINE M. CHESNEY
United States District Judge